UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:25-cr-384-JLB-AAS

ALEKSANDR GOLOVCHENKO

# UNITED STATES' SENTENCING MEMORANDUM

The United States files this sentencing memorandum requesting that this Court sentence the Defendant, Aleksandr Golovchenko, to a guidelines sentence, and in support of the Probation Office's calculation of the guidelines. In support thereof, the United States submits as follows:

## I. Background

On April 29, 2026, the Defendant pleaded guilty to Counts One through Three, Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and Counts Four and Five, Coercion and Enticement of a Minor to Engage in Sexual Activity, in violation of 18 U.S.C. § 2422(b). Doc. 39. There was no plea agreement in this case. This Court accepted the Defendant's guilty plea and adjudicated him guilty on May 14, 2026. Doc. 41. The Government relies on the facts outlined in the initial PSR. Doc. 45[1]

[1] As of this writing, the Final PSR was not available, so the United States relies on the Initial PSR.

## II. Presentence Investigation Report

On July 22, 2026, the U.S. Probation Office issued its initial PSR. Based upon a total offense level of 42 and a criminal history category of I, the guideline imprisonment range is 360 months to life. PSR ¶ 68. The minimum term of imprisonment for Counts One through Three is 15 years and the maximum term is 30 years. The minimum term of imprisonment for Counts Four and Five is 10 years and the maximum term is life. PSR ¶ 67. Golovchenko's applicable period of supervised release is five years to life. PSR ¶ 72.

## III. Defense Objections

Defense objects to the application of two guidelines enhancements for commission of a sexual act and pattern of activity involving the sexual exploitation of a minor. PSR ¶ 20 and 26. The Court should overrule these objections because the enhancements under both U.S.S.G. § 2G2.1(b)(2)(A) and U.S.S.G. § 4B1.5(b)(1) are properly applied in this case based on the facts.

### i. Objection to USSG §2G2.1(b)(2)(A)

Section 2G2.1(b)(2)(A) provides that if the offense involved the commission of a sexual act or sexual contact, the guidelines should be increased by two levels. According to Application Note 2, "Sexual act" has the meaning given that term in 18 U.S.C. § 2246(2) and "sexual contact" has the meaning given that term in 18 U.S.C. § 2246(3). 18 U.S.C. § 2246(3) provide the following definitions for "sexual contact":

> (3) the term "sexual contact" means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or

buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;

U.S.S.G. § 2G2.1, Application Note 2 (Definitions).

Further, the Eleventh Circuit has repeatedly held that masturbation constitutes "sexual contact" within the meaning of the two-level enhancement for an offense involving sexual contact. (*United States v. Aldrich*, 566 F.3d 976 (11th Cir. 2009); *United States v. Sanchez*, 30 F.4th 1063, (11th Cir. 2022). In this case, Golovchenko directed the victim to engage in masturbation on camera on multiple occasions. Golovchenko also transmitted videos to the victim of himself masturbating. As such, the two-level enhancement for sexual contact is supported by the facts and the Court should overrule the defense's objection.

**ii. Objection to USSG § 4B1.5(b)(1)**

§4B1.5(b)(1) states that a defendant should receive a five-level enhancement if "defendant's instant offense of conviction is a covered sex crime, . . . and the defendant engaged in a pattern of activity involving prohibited sexual conduct." First, Application Note 2 to this section defines "covered sex crime" as "an offense, perpetrated against a minor, under . . . (ii) chapter 110…. (iii) chapter 117 of [title 18] ...or an attempt to commit any offense described above…" The defendant's offenses of conviction – production of child pornography and coercion and enticement of a minor to engage in sexual activity – are covered sex crimes because they arise under Title 18, chapter 110 and 117, respectively, and are not an excluded offense. Second, relevant to this case, as defined in Application Note 4(A) of U.S.S.G. § 4B1.5,

prohibited sexual conduct means "any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B). . . ," which include offenses "(A) under this chapter [chapter 117], chapter 109A, chapter 110, . . . or (B) under State law for an offense consisting of conduct that would have been an offense under a chapter referred to in subparagraph (A) if the conduct had occurred within the special maritime and territorial jurisdiction of the United States." 18 U.S.C. § 2426(b)(1). The occasions of "prohibited sexual conduct" to support the enhancement can have occurred during the instant offense and do not have to have resulted in a conviction. See U.S.S.G. § 4B1.5, Application Note 4(B).

The final requirement of § 4B1.5(b)(1) is that there be a "pattern of activity" involving the prohibited sexual contact. Application Note 4(B)(i) provides that the defendant has done so "if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." And, this may be the case "without regard to whether the occasion occurred during the course of the instant offense." The above definitions make it clear that the defendant's conviction involving production of child pornography and coercion and enticement of a minor to engage in sexual activity which involved several, separate interactions with the minor victim qualifies for the §4B1.5(b)(1) enhancement. However, as will be discussed below, the Defendant engaged in a pattern of activity involving prohibited sexual conduct with additional minors beyond the charged victim in this case.

As set forth above, the Defendant has engaged in more than two acts that would constitute prohibited sexual conduct with just the charged victim. On separate

occasions, between March 3- 4, 2025, March 10, 2025, and March 13, 2025, the Defendant coerced and directed the victim to produce sexually explicit photos and videos of herself. The full communication between the victim and the Defendant, in addition to the dates themselves, makes clear that these were separate occasions.

In addition to the charged victim, the Defendant engaged in prohibited sexual contact with other minor females. The FBI identified, located and interviewed four additional minor females who communicated with the Defendant through the internet. These minors were identified through review of the Defendant's Snapchat accounts and his cell phone. Minor 2 is a 14-year-old female from Missouri. Minor 2 met the Defendant on Snapchat and communicated with him when she was 13 years old. The Defendant told her he was 16 years old and that he wanted to be friends. The Defendant persuaded Minor 2 to send nude photos of herself to him and she complied. Minor 2 sent videos of herself masturbating to the Defendant and the Defendant sent her at least one photo depicting his erect penis. The following is an excerpt from a conversation located on the Defendant's cell phone with Minor 2 from May 1, 2025:

Golovchenko: Baby you got me soo hard please I need you to be good to daddy and send daddy every video and pictures that you have for daddy pleaseee EVERYTHING SO DADDY CAN SEE your ass and your pussy and your big tits baby everything pleaseee now
Golovchenko: I wish I would meet you when you were only 11 babyy
Minor 2: Why 11?
Golovchenko: This way I would be the only one to see you and feel you and no one would of seen you but only me

Minor 3 is a 14-year-old female from West Virginia. Minor 3 communicated with the Defendant on Snapchat when she was 12 years old. The Defendant asked Minor 3 to send photos and videos of herself masturbating. Minor 3 complied and stated that she did not feel like she could say no. Minor 4 is a 17-year-old female from Illinois who communicated with the Defendant on Snapchat and Discord when she was 15 years old. The Defendant sent videos of himself masturbating to Minor 4 and asked her to send him videos of her touching herself. Minor 5 is a 15-year-old female from Colorado who communicated with the Defendant on Snapchat when she was 14 years old. The Defendant asked Minor 5 to send sexually explicit photos of herself to him.

The Defendant engaged in a pattern of activity involving prohibited sexual conduct with numerous minors in addition to the charged victim. The Defendant's conduct demonstrates that he is a repeat and dangerous sex offender against minors and the five-level enhancement clearly applies in his case.

## IV. Argument for a Guidelines Sentence

A guidelines sentence is necessary because it is the correct guidelines sentence and is supported by the 3553 sentencing factors. *See* 18 U.S.C. § 3553(a).

### A. Nature and Circumstances of the Offenses

The nature and circumstances of the Defendant's offenses demonstrate that he is a pedophile with an overwhelmingly strong sexual interest in minor females.

In or around January 2025, the 11-year-old victim met 48-year-old Aleksandr Golovchenko online. Golovchenko and the victim communicated via various social

media sites including Tik Tok and Snapchat from approximately January 2025 through March 2025. At the time of the offenses, the victim resided in Sarasota, within the Middle District of Florida, and Golovchenko resided in Oregon.

In April 2025, law enforcement interviewed the victim and her parents. Law enforcement reviewed the victim's cell phone and both the victim and Golovchenko's Snapchat accounts. Law enforcement located numerous images and videos depicting the victim engaged in sexually explicit conduct within the records for the accounts. Law enforcement also located video-chats between Golovchenko and the victim in which Golovchenko's face is clearly visible. Within the conversations, it is made clear that the victim is a minor. Below are excerpts of conversations between the victim and Golovchenko:

The following excerpt is from March 3, 2025:

Golovchenko: Also baby why you won't let me see all your full pictures of your boobies
VICTIM: Because it's illegal
Golovchenko: But idc
Golovchenko: And stop saying it's illegal I mean frr
VICTIM: But it kinds is
VICTIM: It's child pornography
Golovchenko: Stop!!!
VICTIM: Wydm
Golovchenko: We love each other
VICTIM: But if im nude it's child porn
Golovchenko: You letting me see you cuz I'm your BOYFRIEND
VICTIM: But the pic is still illegal
VICTIM: Did you know that?
Golovchenko: AND I can always save it and the we can delete it so it's not in snap after
Golovchenko: Look I told you stop cuz if you with me is illegal but you still wanting to be with me
Golovchenko: So stop!!!

VICTIM: Ok fine
VICTIM: I'm going to sleep
Golovchenko: I'm your boyfriend and I should be able seeing my girlfriend
VICTIM: But us being together isn't legal unfortunately

On March 3, 2025, there is a chat conversation over Snapchat where Golovchenko coerces and entices the victim to send him pictures of her vagina.

Below is a summary of the conversation:

Golovchenko: Baby I wanna see a lil better of you please
VICTIM: Idk what you want to see
Golovchenko: Yesss I really want your titties that's true
Golovchenko: Show me more baby pleaseeee
VICTIM: THATS ALL YOURE GETTING
Golovchenko: Mmmm omggg yesss you know how to make me feel good baby
Golovchenko: Please show me more
Golovchenko: No I didn't mean titties baby
Golovchenko: I mean are you wearing panties now
VICTIM: Yes but they're shorts
Golovchenko: It's ok baby this way I can see you in your booty shorts
VICTIM: Ok I'm taking one more picture
Golovchenko: Hold on please I didn't tell you how I want you
Golovchenko: Omggg baby please I love your thick beautiful sexy thighs
Golovchenko: Please can you spread your legs wide open for me
Golovchenko: Put your camera just right there where your pussy baby pleaseee
VICTIM: Why
VICTIM: I said one more pic
VICTIM: You just want my body
Golovchenko: Because I wanna be eating your tight lil pussy baby pleaseee do it just this once
Golovchenko: No baby I'm just horny but that's for you and I only asking just one more picture
Golovchenko: Your pussy is really the best baby and I love the v groove baby
Golovchenko: I wish tho you would put the camera lower for me so I could see it better cuz that's what I wanted bab
VICTIM: Can I change underwear
Golovchenko: Sure baby but show everything for your daddy ok my love
Golovchenko: I want you spreading your legs really really wide my beautiful good lil girl ok
VICTIM: I cant take a good pic
VICTIM: Can you demonstrate

Golovchenko: And showing your tight fat lil pussy pleas
Golovchenko: Baby I explained so no demonstration need it

On March 4, 2025, the victim sent an image to Golovchenko through Snapchat of the victim engaged in sexually explicit conduct showing a zoomed in view of a nude vagina and anus.

On or about March 10, 2025, the victim sent a video from Snapchat to Golovchenko of her digitally penetrating her vagina. The following messages were sent after this video:

Golovchenko: Baby and you making videos literally rubbing and fingering your pussy for daddy
VICTIM: Alr
Golovchenko: Showing me completely everything baby
Golovchenko: Baby you better make sure you doing soo hot for daddy as you did before baby
Golovchenko: I want you fingering your pussy and being wet soo fucking bad baby
Golovchenko: And I wanna hear you moan babe like you did

On March 13, 2025, the victim and Golovchenko engaged in a video chat-recording on Snapchat wherein the victim is digitally penetrating her vagina. Golovchenko can be heard telling the victim, "it's okay baby, it's okay." "Lower the camera and show that pussy being fucked so hard." "You're my good little girl." "Are you getting horny baby?" "You gonna fuck that pussy for daddy?" "Just like that, keep fucking that pussy." Golovchenko then moves the camera from his face to his erect penis, which he is masturbating. Golovchenko continues speaking in a similar manner while masturbating.

Golovchenko's sexual exploitation of minor females was not limited to the charged victim. As stated above, the FBI identified and interviewed four additional

minor females with whom Golovchenko communicated. The Defendant sought out and initiated contact with these minors on various platforms including Snapchat and Discord, continually seeking sexually explicit material from these children in the same manner as he did with the victim. The nature and circumstances of Golovchenko's crimes justify a guidelines sentence.

**B. History and Characteristics of the Defendant**

The government acknowledges that Golovchenko has no significant criminal history. Golovchenko's personal and family history is unremarkable and offers no explanation for his criminal conduct. The Defendant described his childhood home as loving and stable and denied any history of physical or sexual abuse. The Defendant describes maintaining a good relationship with his mother and siblings. The Defendant denied experiencing bullying as a child and reports being proficient in three languages. The Defendant was honorably discharged from the Army and has no history of mental illness or substance abuse. In short, there is nothing in the Defendant's history to account for his criminal conduct other than his strong sexual interest in minor females.

**C. Seriousness of the Crime, Promoting Respect for the Law, and the Need for Just Punishment**

A Guidelines sentence is warranted in light of the seriousness of Golovchenko's crimes. "Child sex crimes are among the most egregious and despicable of societal and criminal offenses…" *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009) (discussing how courts have upheld lengthy sentences in cases

involving child sex crimes as substantively reasonable). Sexually exploited children also struggle to develop healthy affectionate relationships, suffer from sexual dysfunctions, and tend to become sexual abusers themselves. *See New York v. Ferber*, 458 U.S. 747, 758 n. 9 (1982) (citation omitted). The guidelines are appropriately calculated to account for the extensive nature of Golovchenko's conduct and are not greater than necessary to accomplish the purposes of sentencing.

The Defendant's criminal conduct was not a brief aberration or errant exception in an otherwise law-abiding life, but rather repeated conduct involving numerous minors that continued for months. The Defendant, a 48-year-old grown man, preyed on young females, specifically seeking out and expressing an interest in minors aged 11 to 15. The Defendant misrepresented his own age to these minors in an attempt to gain their interest and attention. The Defendant demanded sexually explicit videos detailing what he wanted to see from these minors. Unlike so many defendants charged with trafficking already produced child sexual abuse material, Golovchenko is responsible for creating new material, depicting numerous minor females. The evidence discovered by the FBI reflects numerous additional instances of Golovchenko's predatorial behavior on social media.

Deterrence is important for crimes involving the sexual abuse of children, including child pornography. *See United States v. Goldberg*, 491 F.3d 668 (7th Cir. 2007). "Sentences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor." *See id.*

The Supreme Court has noted "grave concerns over the high rate of recidivism among convicted sex offenders and their dangerousness as a class..." *Smith v. Doe*, 538 U.S. 84, 103 (2003). Golovchenko fits well within that class. His conduct evidences a high probability of recidivism especially given his apparent lack of realization regarding the severity of his offenses. *See, e.g.*, *United States v. Pugh*, 515 F.3d 1179, 1201 (11th Cir. 2008) ("sex offenders have appalling rates of recidivism and their crimes are under-reported."); *United States v. Allison*, 447 F.3d 402, 405–06 (5th Cir. 2006) ("Congress explicitly recognized the high rate of recidivism in convicted sex offenders, especially child sex offenders."). A strong need exists to protect children in the community from Golovchenko and impose punishment commensurate with the offenses he has committed.

A minimum-mandatory sentence of 15 years does not account for the full scope of Golovchenko's conduct. The Defendant's offenses were not a one-time, momentary lapse in judgment but the culmination of months of continued sexual exploitation of numerous minors. The Defendant repeatedly and persistently sought out minors to satisfy his sexual interest. The Defendant is precisely the type of offender Congress had in mind when it created the enhancement for "repeat and dangerous sex offender against minors."

## V. Conclusion

A guidelines sentence is required to reflect the seriousness of Golovchenko's crimes, provide just punishment for those crimes, to protect the children in the community, and promote respect for the law.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: */s/ Courtney Derry*
Courtney Derry
Assistant United States Attorney
FL Bar No 41125
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Courtney.Derry@usdoj.gov

**U.S. v. Golovchenko** **Case No. 8:25-cr-384-JLB-AAS**

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/ Courtney Derry*
Courtney Derry
Assistant United States Attorney
FL Bar No 41125
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Courtney.Derry@usdoj.gov