**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA** **Case Number: 8:25-cr-384-JLB-AAS**

**v.** **USM Number: 98262-511**

**ALEKSANDR GOLOVCHENKO** **Ryan J. Maguire, AFPD**

# AMENDED JUDGMENT IN A CRIMINAL CASE[1]

Defendant pleaded guilty to Counts One, Two, Three, Four, and Five of the Indictment. Defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Date Offense Concluded** | **Count Number(s)** |
|---|---|---|---|
| 18 U.S.C. §§ 2251(a) and (e) | Production of Child Pornography | On or about March 4, 2025 | One |
| 18 U.S.C. §§ 2251(a) and (e) | Production of Child Pornography | On or about March 10, 2025 | Two |
| 18 U.S.C. §§ 2251(a) and (e) | Production of Child Pornography | On or about March 13, 2025 | Three |
| 18 U.S.C. § 2422(b) | Coercion and Enticement of a Minor to Engage in Sexual Activity | On or about March 4, 2025 | Four |
| 18 U.S.C. § 2422(b) | Coercion and Enticement of a Minor to Engage in Sexual Activity | On or about March 13, 2025 | Five |

Defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[1] This Judgment is amended to correct the AVAA assessment only.

**Aleksandr Golovchenko**
**8:25-cr-384-JLB-AAS**

**IT IS ORDERED** that Defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, Defendant shall notify the Court and United States Attorney of any material change in Defendant's economic circumstances.

Date of Imposition of Judgment:

September 9, 2026

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

October 5, 2026

## IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 300 months. This term consists of a 300-month term as to Counts One, Two, Three, Four, and Five, all such terms to run concurrently.

The Court makes the following recommendations to the Bureau of Prisons:

1. Defendant be incarcerated at a BOP facility close to Jefferson, Oregon to promote rehabilitation of the Defendant so that he can have easier contact and visits with his family.
2. Upon entry at the BOP facility, Defendant shall receive a psychological evaluation, treatment, and counseling for sex offenders.
3. Defendant be allowed to study for and obtain his GED and participate in any other educational programs that are available.
4. Defendant be allowed to receive vocational training in the following areas: electricity, construction, and carpentry and any other vocational training opportunities that are available.
5. Defendant be allowed to receive vocational training to obtain his Commercial Driver's License (CDL).

Defendant is hereby remanded to the custody of the United States Marshal.

Defendant shall report immediately to the U.S. Marshal Service for processing and further instructions.

## RETURN

I have executed this judgment as follows:

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

Defendant delivered on ____________________ to ____________________________________

at ______________________________________________, with a certified copy of this judgment.

______________________________________________
UNITED STATES MARSHAL

By:___________________________________________
Deputy U.S. Marshal

SUPERVISED RELEASE

Upon release from imprisonment, Defendant will be on supervised release for a term of LIFE. This term consists of a [life] term as to Counts One, Two, Three, Four, and Five, all such terms to run concurrently.

**MANDATORY CONDITIONS**

1. Defendant shall not commit another federal, state or local crime.
2. Defendant shall not unlawfully possess a controlled substance.
3. Defendant shall refrain from any unlawful use of controlled substances. Defendant shall submit to one drug test within 15 days of placement on supervision and at least two periodic drug tests thereafter as directed by the probation officer. Defendant shall submit to random drug testing not to exceed 104 tests per year.
4. Defendant shall cooperate in the collection of DNA as directed by the Probation Officer.
5. Defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the Probation Officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

Defendant shall also comply with the additional conditions on the attached page.

**Aleksandr Golovchenko**
**8:25-cr-384-JLB-AAS**

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, Defendant shall comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by Probation Officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. Defendant shall report to the Probation Office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the Probation Officer instructs you to report to a different Probation Office or within a different time frame.
2. After initially reporting to the Probation Office, you will receive instructions from the court or the Probation Officer about how and when Defendant shall report to the Probation Officer, and Defendant shall report to the Probation Officer as instructed.
3. Defendant shall not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the Probation Officer.
4. Defendant shall answer truthfully the questions asked by your Probation Officer.
5. Defendant shall live at a place approved by the Probation Officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.
6. Defendant shall allow the Probation Officer to visit you at any time at your home or elsewhere, and Defendant shall permit the Probation Officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. Defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the Probation Officer excuses you from doing so. If you do not have full-time employment Defendant shall try to find full-time employment, unless the Probation Officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.
8. Defendant shall not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, Defendant shall not knowingly communicate or interact with that person without first getting the permission of the Probation Officer.
9. If you are arrested or questioned by a law enforcement officer, Defendant shall notify the Probation Officer within **72 hours**.
10. Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. Defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the Probation Officer determines that you pose a risk to another person (including an organization), the Probation Officer may require you to notify the person about the risk and

Defendant shall comply with that instruction. The Probation Officer may contact the person and confirm that you have notified the person about the risk.

13. Defendant shall follow the instructions of the Probation Officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. Probation Officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:____________________________ Date:________________________

**Aleksandr Golovchenko**
**8:25-cr-384-JLB-AAS**

## SPECIAL CONDITIONS OF SUPERVISION

1. Defendant shall participate in a mental health program specializing in sexual offender treatment and submit to polygraph testing for treatment and monitoring purposes. Defendant shall follow the probation officer's instructions regarding the implementation of this court directive. Further, Defendant shall contribute to the costs of such treatment and/or polygraphs not to exceed an amount determined reasonable by the probation officer based on ability to pay or availability of third-party payments and in conformance with the Probation Office's Sliding Scale for Treatment Services.

2. Defendant shall register with the state sexual offender registration agency(s) in any state where Defendant resides, visits, is employed, carries on a vocation, or is a student, as directed by the probation officer.

3. The probation officer shall provide state officials with all information required under Florida sexual predator and sexual offender notification and registration statutes (F.S. 943.0435) and/or the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248), and may direct Defendant to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

4. Defendant shall have no direct contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate including: schools, daycare centers, theme parks, playgrounds, etc.

5. Defendant is prohibited from possessing, subscribing to, or viewing, any images, video, magazines, literature, or other materials depicting children in the nude and/or in sexually explicit positions.

6. Without prior written approval of the probation officer, Defendant is prohibited from either possessing or using a computer (including a smart phone, a hand-held computer device, a gaming console, or an electronic device) capable of connecting to an online service or an internet service provider. This prohibition includes a computer at a public library, an internet café, your place of employment, or an educational facility. Also, Defendant is prohibited from possessing an electronic data storage medium (including a flash drive, a compact disk, and a floppy disk) or using any data encryption technique or program. If approved to possess or use such a device, Defendant must permit routine inspection of the device, including the hard drive and any other electronic data storage medium, to confirm adherence to this condition. The United States Probation Office must conduct the inspection in a manner no more intrusive than necessary to ensure compliance with this condition. If this condition might affect a third party, including your employer, you must inform the third party of this restriction, including the computer inspection provision.

7. Defendant shall have no contact, direct or indirect, with victims identified in this case.

8. Defendant shall submit to a search of his person, residence, place of business, any storage units under his control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition. Failure to submit to a search may be grounds for revocation.

9. Defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or obligating himself for any major purchases without approval of the probation officer.

10. Defendant shall provide the probation officer access to any requested financial information.

11. Defendant shall refrain from engaging in any employment related to the direct interaction with minors and/or employment that requires close proximity to minors.

12. If deported, Defendant shall not re-enter the United States without the express permission of the appropriate governmental authority.

## CRIMINAL MONETARY PENALTIES

Defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| **Assessment** | **Restitution** | **Fine** | **Special Assessment** | **AVAA Assessment**† | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **$500.00 To be paid immediately** | **N/A** | **WAIVED** | **$500.00 To be paid immediately** | **$17,000.00 To be paid immediately** | **$0.00** |

† Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub.L. No. 114-22.
*** Findings for the total amount of losses, are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Having assessed Defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

Special Assessment shall be paid in full and is due immediately.

Unless the Court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, and (9) penalties, and (10) costs, including cost of prosecution and court costs.

## FORFEITURE

Defendant shall forfeit to the United States those assets that are subject to forfeiture as previously identified in the Order of Forfeiture and any subsequent orders.